**Sean Kelly, Esq. (0307)**
**SAIBER SCHLESINGER SATZ & GOLDSTEIN**
One Gateway Center
Suite 1300
Newark, NJ 07102
(973) 622-3333

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SABINSA CORPORATION**, a New Jersey corporation, and **SAMI LABS LIMITED**, a corporation of India,<br><br>Plaintiffs,<br><br>-against-<br><br>**DNP INTERNATIONAL, INC.**, a California corporation,<br><br>Defendant. | **CIVIL ACTION NO.** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

This action is brought by Sabinsa Corporation and Sami Labs Limited (collectively "Sabinsa" or "Plaintiffs") against DNP International, Inc. ("DNP"), for infringement or contributory infringement or inducement of infringement of two United States patents owned by Plaintiffs. The first patent covers various uses of piperine, and the second patent covers the various uses of forskohlin. Sabinsa, by its attorneys, for its Complaint against DNP alleges that:

### The Parties

1. Plaintiff Sabinsa Corporation is a corporation organized and existing under the laws of New Jersey, with an office and principal place of business at 70 Ethel Road West, Suite #6, Piscataway, New Jersey.

{00461483.DOC}

2. Plaintiff Sami Labs Limited is a corporation organized and existing under the laws of India, with an office and principal place of business at 19/1 & 19/2, I Main, II Phase, Peenya Industrial Area, Bangalore-560-058, Karnataka, India.

3. Upon information and belief, DNP is a corporation organized and existing under the laws of the state of California with its corporate headquarters located at 3035 Red Hat Lane, Whittier, California 90601.

**Jurisdiction and Venue**

4. The Court has jurisdiction over this action based upon 28 U.S.C. §§ 1332(a)(1) and 1338(a) given that it involves a California citizen, a New Jersey citizen, a foreign company, and the matter arises from the defendant's patent infringement and the amount in controversy exceeds $75,000.

5. Upon information and belief, defendant transacts business within the District, has committed acts of infringement within the District, and is otherwise within the jurisdiction of this Court. In addition, a substantial part of the events or omissions giving rise to the claims made in this case have occurred in this district. Venue in this District is proper under 28 U.S.C. §§ 1391(b).

**Background**

6. On October 26, 1999, the United States Patent & Trademark Office ("PTO") issued Patent No. 5,972,382 entitled "Use of Piperine as a Bioavailability Enhancer" ("the '382 Patent"). A copy of the '382 Patent is attached hereto as Exhibit A.

7. Sabinsa requested that the PTO reexamine the '382 Patent by way of a reexamination request filed March 19, 2002. On March 4, 2003 the PTO issued a Reexamination

Certificate for the '382 Patent. A copy of the Reexamination Certificate is attached hereto as Exhibit B.

8.  The '382 Patent covers, among other things, the use of piperine to improve nutrient absorption, and the use of piperine to increase nutrient induced thermogenesis.

9.  By way of a second reexamination request filed December 15, 2004, Sabinsa again requested that the PTO reexamine the '382 Patent. The '382 Patent is currently under reexamination at the PTO.

10. On September 8, 1998 the United States Patent & Trademark Office issued Patent No. 5,804,596 entitled "Method of Preparing a Forskohlin Composition from Forskohlin Extract and Use of Forskohlin for Promoting Lean Body Mass and Treating Mood Disorders ("the '596 Patent"). A copy of the '596 Patent is annexed hereto as Exhibit C.

11. The '596 Patent covers the use of forskohlin for body weight management; namely, the use of forskohlin to promote lean body mass, and the use of forskohlin to shift the proportion between lean body mass and adipose tissue in favor of lean body mass.

12. Sabinsa requested that the PTO reexamine the '596 Patent by way of a reexamination request filed December 1, 2004. The '596 Patent is currently under reexamination at the PTO.

13. Upon information and belief, DNP is a company that markets, sells, and distributes dietary supplements including products extracted from plants.

14. Upon information and belief, DNP has used, sold and/or offered for sale and continues to use, sell, and/or offer for sale products in a manner that constitutes acts of infringement with respect to the '382 Patent and '596 Patent.

## COUNT I
**(Infringement of the '382 Patent)**

15. Sabinsa incorporates paragraph numbers 1 through 14 as if fully set forth herein.

16. This cause of action, for patent infringement, arises under the patent laws of the United States, Title 35, United States Code.

17. Plaintiffs each own an undivided one-half interest in and collectively own all right, title and interest to the '382 Patent.

18. Upon information and belief, DNP has committed, and is continuing to commit, acts of infringement with respect to the '382 Patent by using, selling or offering piperine for sale.

19. True and correct copies of certain advertisements evidencing DNP's offering for sale of piperine for, among other things, use to improve nutrient absorption, and use to increase thermogenesis, are attached hereto as Exhibit D.

20. Upon information and belief, the piperine used, sold, and/or offered for sale by DNP is ultimately used to directly infringe the '382 Patent.

21. All of the aforementioned infringing acts by the DNP are without the permission, license or consent of Sabinsa.

22. DNP has committed such acts of infringement with full knowledge of the '382 Patent and Sabinsa's rights therein. *See* August 1, 2006 Letter from Sabinsa's Corporate VP Legal Affairs Kenneth K. Jaeger, to DNP's President David Ji, a copy of which is attached hereto as Exhibit E.

23. Such acts of infringement by DNP have been, and continue to be, willful and deliberate, and Sabinsa believes that such acts will continue in the future unless enjoined by this Court.

24. By reason of its acts of infringement or contributory infringement or inducement of infringement, DNP has been unjustly enriched.

25. By reason of DNP's acts of infringement, Sabinsa has suffered and will continue to suffer irreparable harm and damages, including but not limited to, lost sales and diminution of the value of the '382 Patent, in an amount to be determined.

26. As a result of the continuing harm to Sabinsa and the diminution of the value of the '382 Patent, Sabinsa has no adequate remedy at law.

## COUNT II
### (Infringement of the '596 Patent)

27. Sabinsa incorporates paragraph numbers 1 through 26 as if fully set forth herein.

28. This cause of action, for patent infringement, arises under the patent laws of the United States, Title 35, United States Code.

29. Plaintiffs each own an undivided one-half interest in and collectively own all right, title and interest to the '596 Patent.

30. Upon information and belief, DNP has committed, and is continuing to commit, acts of infringment with respect to the '596 Patent by using, selling, and/or offering forskohlin for sale, in the form of an extract of *Coleus forskholi*.

31. True and correct copies of certain advertisements evidencing DNP's offering for sale of *Coleus forskholi* extract containing forskohlin for, among other things, use in body weight management, are annexed hereto as Exhibit F.

32. Upon information and belief, the *Coleus forskholi* extract used, sold, and/or offered for sale by DNP is ultimately used to directly infringe the '596 Patent.

33. All of the aforementioned infringing acts by DNP are without the permission, license, or consent of Sabinsa.

34. DNP has committed such acts of infringement with full knowledge of the '596 Patent and Sabinsa's rights therein. *See* August 1, 2006 Letter from Sabinsa's Corporate VP Legal Affairs Kenneth K. Jaeger, to DNP's President David Ji, a copy of which is attached hereto as Exhibit E.

35. Such acts of infringement by DNP have been, and continue to be, willful and deliberate, and Sabinsa believes that such acts will continue in the future unless enjoined by this Court.

36. By reason of their aforementioned acts of infringement, DNP has been unjustly enriched.

37. By reason of DNP's acts of infringement, Sabinsa has suffered and continues to suffer irreparable harm and damages, including but not limited to, lost sales and diminution of the value of the '596 Patent, in an amount to be determined.

38. As a result of the continuing harm to Sabinsa and the diminution in value of the '596, Sabinsa has no adequate remedy at law.

**WHEREFORE**, Sabinsa respectfully requests that this Court:

A. Enter a judgment finding that DNP has infringed or contributed to or induced infringement of the '382 Patent;

B. Enter a judgment finding that DNP has infringed or contributed to or induced infringement of the '596 Patent.

C. Grant a preliminary and permanent injunction against the continued infringement, contributory infringement or inducement of infringement of the '382 Patent and the '596 Patent by DNP and its officers, agents, servants, employees, attorneys, successors, assigns, and others controlling, controlled by, affiliated with, in privity with, or in active consent with DNP by the

manufacturing, using, selling or offering for sale of products that infringe upon, contribute to the infringement or induce the infringement of the '382 Patent and the '596 Patent;

D. Order an accounting to determine and assess against DNP and award to Sabinsa damages arising out of the infringement or contributory infringement or inducement of infringement of the '382 and '596 Patents and further award treble damages with interest against DNP by reason of the willful and deliberate nature of its infringement;

E. Award Sabinsa its costs and reasonable attorneys' fees incurred in this action; and

F. Grant Sabinsa such other and further relief as this Court may deem just.

### DEMAND FOR JURY TRIAL

Sabinsa demands trial by jury on its preceding claims.

    Respectfully submitted,

    **SAIBER SCHLESINGER SATZ & GOLDSTEIN**

    By: ___*s/Sean R. Kelly*___
    Sean Kelly, Esquire
    One Gateway Center
    Suite 1300
    Newark, NJ 07102
    (973) 622-3333

Of Counsel:

James H. Hulme, Esquire
Richard J. Berman, Esquire
ARENT FOX PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
(202) 857-6000

November 16, 2006

## RULE 7.1 STATEMENT

Pursuant to Fed. R. Civ. Pro. 7.1, plaintiffs hereby state that neither has any parent corporation or any publicly held corporation that owns 10% or more of its stock.

**SAIBER SCHLESINGER SATZ & GOLDSTEIN**

By: ___*s/Sean R. Kelly*___
Sean Kelly, Esquire
One Gateway Center
Suite 1300
Newark, NJ 07102
(973) 622-3333

Dated: November 16, 2006